## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**UNITED STATES OF AMERICA**                                   **PLAINTIFF**

      v.      No. 5:07-cr-50076

**MITCHELL SCOTT JOHNSON**                                     **DEFENDANT**

### O R D E R

Now on this 24th day of January 2013, comes on for consideration the **Magistrate Judge's Report and Recommendation** (document #59) and the objections thereto. The Court, being well and sufficiently advised, finds and orders as follows:

PROCEDURAL BACKGROUND

1.  Mr. Johnson stands convicted of being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(2). For this offense, the Court sentenced Mr. Johnson to forty-eight months' imprisonment, followed by three years' supervised release, and ordered him to pay an assessment of $100.

2.  Mr. Johnson appealed, and in an opinion entered on July 31, 2009, the Eighth Circuit Court of Appeals affirmed the conviction and sentence. *United States v. Johnson*, 572 F.3d 449 (8th Cir. 2009), *cert. denied*, 130 S.Ct. 569 (2009).

3.  On November 8, 2010, Mr. Johnson filed a Motion to Vacate, Set Aside, or Correct, pursuant to 28 U.S.C. § 2255, arguing the following grounds:

    (I)    that his conviction was obtained by the use of

evidence gained pursuant to an unconstitutional search and seizure;

(II)     that his conviction was obtained by a violation of the protection against self incrimination;

(III)    that his conviction was obtained by the unconstitutional failure of the prosecution to disclose evidence favorable to him;

(IV)     that he was denied effective assistance of counsel; and

(V)      that there was "judicial prejudice" in that the trial judge prejudiced him by barring his attorney from conducting proper voir dire questions to the potential jury panel and by upwardly departing from the guideline range at sentencing.

3.    The case was referred to Magistrate Judge Erin L. Setser, who entered her Report and Recommendation (R & R) on December 8, 2011, recommending that the § 2255 motion be denied and dismissed with prejudice.

4.    Objections to the R & R were originally due by December 27, 2011. On January 5, 2012, having received no objections, the Court entered an Order adopting the R & R in its entirety.

5.    On February 6, 2012, Mr. Johnson filed a motion to reconsider, explaining that he had been paroled from state custody on December 1, 2011, and was in transit to his designated federal correctional facility when the R & R was entered. Thus, he did not

receive a copy of the R & R and was unable to file his objections thereto. The Court granted the motion to reconsider on these grounds, and on March 8, 2012, Mr. Johnson filed his objections to the R & R.

DISCUSSION

6. Habeas relief is an extraordinary remedy that may not be used in place of a direct appeal. *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001). Thus, with few exceptions, a collateral claim is procedurally barred unless the petitioner can demonstrate cause for the default and actual prejudice, or actual innocence. *Id.* However, the failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar consideration of the claim under 28 U.S.C. § 2255. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

7. Grounds One, Two, Three, and Five were not raised in Mr. Johnson's appeal. To overcome that default, Mr. Johnson asserted ineffective assistance of counsel. Therefore, the Magistrate Judge, noting the overlap with the claims presented in Ground Four, construed Grounds One, Two, Three, and Five as ineffective-assistance claims and addressed each claim in turn. The Court will now do the same.

8. To establish ineffective assistance of counsel, a defendant must show "that his lawyer's performance fell below the minimum standards of professional competence (deficient

performance) and that there is a reasonable probability that the result of the proceedings would have been different if his lawyer had performed competently (prejudice)." *King v. United States*, 595 F.3d 844, 852 (8th Cir. 2010) (quoting *Alaniz v. United States*, 351 F.3d 365, 367-68 (8th Cir. 2003), and citing *Strickland v. Washington*, 466 U.S. 668 (1984)). There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as well as a presumption that, "under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Flowers v. Norris*, 585 F.3d 413, 417 (8th Cir. 2009) (quoting *Strickland*, *supra*, and *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

9. The Magistrate Judge treated Grounds One and Two together, as both grounds assert that statements made by Mr. Johnson were unconstitutionally used against him at trial. The Magistrate Judge found that the statements at issue were incriminating only to the extent that they implicated Mr. Johnson was in possession of marijuana for personal use. She further found that the government provided sufficient evidence independent of these statements to prove Mr. Johnson was an unlawful drug user.

In his objection to the R & R, Mr. Johnson fails to state any law or fact to refute the Magistrate Judge's finding that he was not prejudiced by the admission of these statements. Accordingly, his objection will be overruled.

10. With regard to Ground Three, the Magistrate Judge opined that counsel's decision to not seek independent testing of the suspected marijuana may have been a trial strategy, to which the courts afford great deference. *See Flowers*, 585 F.3d at 417. As stated in the R & R, counsel was able to extensively cross-examine the two forensic chemists whose tests resulted in differing conclusions, presumably with the hope of creating a question in the jury's mind as to the substance's identity. The Court agrees that this may have been trial strategy, and it will defer to counsel in that respect.

Further, although Mr. Johnson has stated vehemently that the admission of the suspected marijuana and differing test results "greatly prejudiced" him, he has not explained how it prejudiced him. Thus, his objection on this ground will be overruled.

11. Mr. Johnson's objections regarding Ground Five are two-fold. First, with respect to the Magistrate Judge's analysis of the voir dire proceedings, the Court agrees that Mr. Johnson has failed to show any deficiency by his counsel. Counsel had a full opportunity to conduct his own voir dire of the potential jurors, in addition to the inquiry conducted by the trial judge.

Second, Mr. Johnson states that the Magistrate Judge failed to consider his argument that his expunged juvenile record was unlawfully used as grounds to upwardly depart from the sentencing guidelines. This argument has already been raised and addressed on

direct appeal, and the Eighth Circuit concluded that the trial court did not abuse its discretion in imposing a sentence of forty-eight months' imprisonment. *See Johnson*, 572 F.3d at 455. Claims that have been raised and decided on direct appeal cannot be relitigated on a § 2255 motion. *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003) (quoting *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981)).

12. Mr. Johnson's remaining ineffective-assistance-of-counsel claims were addressed as Ground Four.

(a) He first contends that his counsel was deficient by failing to obtain a psychological examination to show that he does not have an addictive personality disorder, arguing that addiction to a controlled substance is an element of the crime for which he was charged.

The Court agrees with the Magistrate Judge that counsel's decision to not obtain such a report may have been trial strategy, to which the Court affords great deference. Further, the crime with which Mr. Johnson was charged requires the government to prove either that Mr. Johnson was addicted to a controlled substance or that he was an unlawful user of a controlled substance. Even if a psychological exam had shown that he did not have an addictive personality, it would not have shown whether he was an unlawful user. Thus, it could not have disproved an element of the crime.

(b) Mr. Johnson also contends that his counsel was ineffective for failing to request a change of venue to avoid a possible tainted jury pool from media accounts of the case. To create a presumption of inherent prejudice sufficient to warrant a change of venue, media coverage must be inflammatory or accusatory. *United States v. Allee*, 299 F.3d 996, 1000 (8th Cir. 2002). Mr. Johnson has failed to show what media accounts existed, whether they were inflammatory or accusatory, or how he might have been prejudiced by them.

(c) Mr. Johnson further objects to the Magistrate Judge's use of the phrase "overwhelming evidence that Defendant was at least a 'user' of marijuana," and contends that the Magistrate failed to address the trial court's failure to rule on counsel's motion for acquittal.

The arguments in the § 2255 motion on this ground centered on counsel's failure to renew a motion for acquittal at the close of all evidence -- not on the trial court's failure to rule on the motion -- and this was properly addressed in the R & R. Moreover, as noted in the R & R, there was sufficient evidence of Mr. Johnson's guilt to deny the motion for acquittal, and so it is unlikely that counsel's failure to renew the motion caused any prejudice.

(d) Finally, Mr. Johnson argues that the Magistrate Judge failed to address his claim regarding the use of his juvenile

adjudications in upwardly departing from the sentencing guidelines. As noted above, this issue was raised and decided on direct appeal and, thus, cannot be relitigated on a § 2255 motion. *See Bear Stops*, 339 F.3d at 780.

13. For all of these reasons, the Court finds that the R & R is sound in all respects and that Mr. Johnson has stated neither law nor fact to refute it. Therefore, the R & R will be adopted in its entirety.

14. The Court also notes Mr. Johnson's Motion for Hearing on Pleadings (document #65), in which he requests that this case be placed on the docket for review. In light of the foregoing, the Motion for Hearing will be denied as moot.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report and Recommendation** (document #59) is hereby **adopted *in toto*** and that the objections to the R & R (document #64) are **overruled.**

**IT IS FURTHER ORDERED** that Mr. Johnson's **Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct** (document #43) is **denied** and **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that Mr. Johnson's **Motion for Hearing on Pleadings** (document #65) is **denied as moot.**

**IT IS SO ORDERED.**

    /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**